**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01569-REB-BNB

DAVID TEIGEN, and,
TIMOTHY BENNETT,

      Plaintiffs,

v.

NOLIN RENFROW, individually,
MADLINE SABELL, individually,
JOE ORTIZ, individually and in his official capacity,
GARY GOLDER, only in his official capacity as Acting Director of Prisons and successor
of Nolin Renfrow, and
JOHN DOES I-IV,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

**Blackburn, J.**

      The matters before me are (1) **Defendants Joe Ortiz and Gary Golder's**

**Motion to Dismiss First Amended Complaint** [#36], filed December 12, 2006; (2)

**Defendant Nolin Renfrow's Motion to Dismiss Plaintiff's First Amended Complaint**

[#39], filed December 12, 2005; and (3) **Defendant Madeline SaBell's Motion to**

**Dismiss First Amended Complaint** [#41], filed December 12, 2005.[1]  I grant the

motions.

---

[1]  All defendants previously filed motions to dismiss plaintiff's original complaint.  (**See Defendant
Nolin Renfrow's Motion to Dismiss Complaint** [#13], filed October 17, 2005; **Defendant Madeline
SaBell's Motion to Dismiss** [#15], filed October 17, 2005; **Defendant Joe Ortiz's Motion to Dismiss
Complaint** [#22], filed October 24, 2005.)  Before briefing on these motions was completed, plaintiffs filed
their First Amended Complaint, precipitating the instant motions. Thus, I consider the original motions to
dismiss moot, and deny them on that basis.

# I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

# II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6),[2] I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).[3]  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that plaintiffs can prove no set of facts entitling them to relief.  ***See Conley v.***

---

[2]  Plaintiffs point out that defendants' assertions of qualified immunity concern the court's subject matter jurisdiction and thus should be analyzed under Rule 12(b)(1).  Because I find that plaintiffs have failed to allege the violation of a constitutional right in the first instance, I do not reach the issue of qualified immunity.  Nevertheless, because defendants' motions pose a facial, as opposed to a factual, attack on the allegations of the complaint, the relevant standard would be the same in any event.  ***See E.F.W. v. St. Stephen's Indian High School***, 264 F.3d 1297, 1303 (10th Cir. 2001) ("Accepting the complaint's allegations as true, we consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief can be granted.").

[3]  However, I may consider documents referenced in or attached to the complaint and central to plaintiffs' claims without transforming the motion into one for summary judgment.  ***See GFF Corp. v. Associated Wholesale Grocers, Inc.***, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

*Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Rocky Mountain*

*Helicopters, Inc., v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994).

### III. ANALYSIS

Plaintiffs, David Teigen and Timothy Bennett, are employed by the Colorado

Department of Corrections ("DOC").  At the time of the events giving rise to this lawsuit,

Teigen was employed as a Case Manager III at the Territorial Correctional Facility in

Cañon City, Colorado, and Bennett was employed as a General Professional III, Life

Safety Officer, in Cañon City.  Both plaintiffs were certified in their positions, which gave

them certain rights in the event of a layoff.  *See* **§24-50-124, C.R.S.**

In May, 2003, DOC implemented a reduction-in-force pursuant to which plaintiffs'

positions were eliminated.  Both plaintiffs filed appeals with the Colorado State

Personnel Board protesting the abolition of their positions and the refusal to honor their

"bumping" rights in reassigning them to new positions within the DOC.  On August 15,

2003, while those appeals were pending, defendant, Nolin Renfrow, then the Director of

Prisons, issued the following directive to state prison wardens:

> Please be aware that one of the conditions of offering
> displaced staff a position in your facility is that they MUST
> drop their cases against us.  Offering a position at the same
> pay and grade means their pay, tenure and status have not
> been adversely affected, therefore[,] they have no standing
> and allowing them to continue their appeals will just clog up
> the DPA with cases that have no merit.

(First Amended Complaint, Attachment A at 1.)  The decision to require employees to

drop pending appeals had been made by Renfrow in consultation with defendants, Joe

Ortiz, the Executive Director of DOC, and Madline SaBell, then the Division Director of

the Human Resource Office for the DOC.  Several days later, Renfrow's assistant

forwarded a list of all employees with then-pending appeals.  (*Id*. Attachment A at 1.)

Both plaintiffs' names appeared on that list.  (***See id***., Attachment A at 2 & 5.)

Plaintiffs contend that this order and its attendant list of employees prosecuting

appeals against the DOC constituted a "black list" that impinged on their rights to

appeal the termination of their positions.  Indeed, an Administrative Law Judge who

heard Teigen's appeal determined that the August 15, 2003, memo "was retaliatory on

its face" and constituted an abuse of authority.  (*Id*., Attachment B at 16.)  The ALJ

further concluded that in implementing the layoff with respect to Teigen, the DOC

arbitrarily and capriciously ignored applicable law.  (*Id*., Attachment B at 17-18.)  Thus,

in addition to ordering Teigen reinstated to his previous position, the ALJ also ordered

the policy expressed in the August 15 memo rescinded and directed the DOC to refrain

from retaliating against Teigen for appealing the elimination of his position.  (*Id*.,

Attachment B at 20.)

Despite this edict, plaintiffs claim that defendants have continued to apply a *de

facto* policy of retaliation for the exercise of their appeal rights by passing them over for

various promotions and transfers for which they allegedly are qualified.  In addition,

Bennett claims that Ortiz has refused to provide him with a letter of endorsement that

would allow him to become certified to perform accredited life safety inspections outside

the state of Colorado.  Bennett further contends that the DOC has retaliated against

him by taking away a K-9 dog he was training and by refusing to grant him more than

two days funeral leave when his father-in-law died.  Moreover, plaintiffs claim that the

4

recent implementation of Administrative Regulation 1450-12 further evidences hostility

toward employees who pursue their appellate rights.  That regulation provides, in

pertinent part:

> It is the policy of the Department of Corrections (DOC) not to reward poor performance or behavior.  Employees who have received a disciplinary action or have been found to have violated the DOC's prohibition of sexual harassment and/or illegal discrimination are not eligible to apply for promotions within the DOC for a period of 12 months.  The 12 months is determined from the date of the most recent disciplinary action.  If the closing date of an announcement falls within the 12 month period the employee will not be eligible to apply.

> Employees with disciplinary action under appeal are not eligible to apply.

(Defs. Ortiz and Golder's Motion to Dismiss App., Exh. 1 at 1, § I.A.)  Bennett alleges

that he has a disciplinary action currently under appeal and has been denied

advancement as a result of this administrative regulation.

In this lawsuit, plaintiffs claim first that defendants deprived them of property[4]

without due process of law in violation of the Fourteenth Amendment.[5]  Plaintiffs allege

both a procedural and a substantive denial of due process.  In either case, I must first

determine whether plaintiffs have asserted a property interest cognizable under the

Constitution.  *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998).  "To

---

[4] The First Amended Complaint does not appear to state, and plaintiffs have not argued that they have asserted, a claim for deprivation of a liberty interest under the Fourteenth Amendment.

[5] Although the First Amended Complaint also cites to the Fifth Amendment, it is clear that plaintiffs' constitutional rights as against these defendants, all of whom are state actors, arise exclusively under the Fourteenth Amendment.  *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005), *pet. for cert. filed*, 74 U.S.L.W. 3443 (Jan. 26, 2006) (No. 05-940); *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997).

have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." ***Board of Regents of State Colleges v. Roth***, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

In a typical employment case, the plaintiff attempts to demonstrate a property interest in his job by referring to state law, an express or implied contract, or other independent source demonstrating a viable expectation of continued employment. ***See Carnes v. Parker***, 922 F.2d 1506, 1510 (10th Cir. 1991).  In this case, no one disputes that plaintiffs, as certified state employees who cannot be terminated without a finding of just cause, have protectible property interests in their jobs. ***See Garcia v. City of Albuquerque***, 232 F.3d 760, 769 (10th Cir. 2000) (citing ***Glibert v. Homar***, 520 U.S. 924, 928-29, 117 S.Ct. 1807, 1811 , 138 L.Ed.2d 120 (1997)).  However, plaintiffs do not contend that they were terminated without just cause or otherwise wrongfully denied employment *per se* without due process.  Indeed, both plaintiffs are still employed by the DOC.  Instead, the gravamen of plaintiffs' complaint is that they were wrongfully denied promotions, transfers, and other benefits of employment as a result of having exercised their right to pursue administrative appeals.

Plaintiffs, however, have not shown that they have any cognizable property interests in receiving promotions or transfers, or in any of the other benefits they claim to have been denied as a result of defendants' alleged retaliation.  In general, a plaintiff has a protected property interest in a particular employment status only if the defendants' ability to make personnel decisions is substantially restricted by state law or

6

regulation.  *Hennigh*, 155 F.3d 1253.  Because there are no such boundaries on the

DOC's discretion regarding promotions and transfers, plaintiffs have failed to allege a

cognizable property interest in such benefits.  *See Anglemeyer v. Hamilton County*

*Hospital*, 58 F.3d 533, 539 (10th Cir. 1995); *Childers v. Independent School District*

*No. 1 of Bryan County*, 676 F.2d 1338, 1341 (10th Cir. 1982).  *See also Meyer v. City*

*of Joplin*, 281 F.3d 759, 761-62 (8th Cir. 2002); *Nunez v. City of Los Angeles*, 147

F.3d 867, 872-73 & n.8 (9th Cir. 1998); *Bigby v. City of Chicago*, 766 F.2d 1053, 1056-

57 (7th Cir. 1985), *cert. denied*, 106 S.Ct. 793 (1986).[6]

Plaintiffs' further allegation that Teigen received one of the three highest ranking

scores on a competitive test for promotion does not save their claim.  Under Colorado's

"rule of three," an appointing authority has discretion to choose among the top three

ranking candidates from the list of eligible applicants.  *See § 24-50-115(5), C.R.S.*

Therefore, Teigen had no property interest in a promotion based on his placement on

the list.[7]  *Conde v. Colorado State Department of Personnel*, 872 P.2d 1381, 1388-

89 (Colo. App. 1994).  *See also Anglemeyer*, 281 F.3d at 761-62 (interpreting similar

provision of Joplin, Missouri city charter); *Bigby*, 766 F.2d at 1057 (interpreting similar

provision of Illinois law).

Plaintiffs' attempt to finesse this difficulty in their case by claiming that they

were denied their right to appeal adverse employment decisions is unavailing.  It is

---

[6]  In addition, plaintiffs offer nothing to demonstrate any type of constraint on the DOC's discretion regarding the providing of letters of recommendation, the assignment of K-9 dogs, or the granting of funeral or any other type of leave.

[7]  Because Teigen had no legitimate property interest in a promotion based on the list, defendants' alleged decision to cancel the list adds nothing to his claim.

clear that plaintiffs' alleged damages arise from the denial of advancement and other employment opportunities.  As outlined above, these do not constitute property interests.  Moreover, plaintiffs offer no argument or authority to demonstrate that the right to the *process* envisioned by the State Personnel Board appellate procedures is a species of *property* cognizable under the Fourteenth Amendment.  Nevertheless, even if such could be construed as property, it is clear that plaintiffs were not denied those rights.  *See Garcia*, 232 F.3d at 770 (plaintiff cannot state claim for deprivation of due process when he was ultimately reinstated to the same pay and grade as he previously held); *Workman v. Jordan*, 32 F.3d 475, 479-80 (10th Cir. 1994) (same), *cert. denied*, 115 S.Ct. 1357 (1995).

Similarly, with regard to plaintiffs' substantive due process claims, and again assuming that the rights plaintiffs' identify constitute property, which I do not believe they do, plaintiffs have not alleged facts sufficient to conclude that defendants' conduct was so highly outrageous that it "shocks the conscience."  *See Seamons v. Snow*, 84 F.3d 1226, 1236 (10th Cir. 1996).  "The Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions."  *Collins v. City of Harker Heights*, 503 U.S. 115, 129, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992).  Plaintiffs have shown no more here.

Plaintiffs' equal protection claims fare no better.  Plaintiffs acknowledge that because they are not members of a suspect class and do not assert the violation of any fundamental right, defendants' classification enjoys a "strong presumption of validity" and "must be upheld against equal protection challenge if there is any reasonably

8

conceivable state of facts that could provide a rational basis for the classification."
***Heller v. Doe***, 509 U.S. 312, 319-20, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257 (1993).
Here, both the policy articulated in Renfrow's August 15, 2003, email and Administrative
Regulation 1450-12 facially admit of rational explanations for the distinction drawn
between employees who are prosecuting appeals and those are not.  Renfrow's email
plainly states that employees who are reinstated to their previous pay and grade have
not actually been harmed.  Requiring such employees to drop their appeals is rationally
related to the legitimate goal of streamlining the administrative process by weeding out
ultimately moot claims.  Similarly, Administrative Regulation 1450-12 states that the
policy of the DOC is not to reward poor performance or behavior.  Restricting the
promotional opportunities of employees who have been found to have engaged in such
behavior is rationally related to achieving that legitimate goal.[8]

Because the challenged policies withstand rational review analysis, plaintiffs can
survive dismissal only if they have "allege[d] facts sufficient to overcome [the]
presumption of government rationality."  ***Brown v. Zavaras***, 63 F.3d 967, 971 (10th Cir.
1995).  This they have not done.  Plaintiffs allege no facts to support their claims that
defendants denied them advancement opportunities and other benefits in retaliation for
their exercise of the right to appeal.  Their conclusory allegations are insufficient to
withstand a motion to dismiss.  ***Id***. at 971-72.  Even if they were, there is no recognized

---

[8] Plaintiffs allege that defendants must present facts to demonstrate that the proffered rationale
was valid.  This argument, premised on dicta in ***Copelin-Brown v. New Mexico State Personnel Office***,
399 F.3d 1248, 1255 (10th Cir. 2005), is misguided.  The Supreme Court has plainly held that the state
need not produce *any* evidence to prove up the rationality of its classification, and "[t]he burden is on
[plaintiffs] to negative every conceivable basis which might support it, whether or not the basis has a
foundation in the record."  ***Heller***, 113 S.Ct. at 2643 (internal quotation marks and citations omitted).

cause of action under the Equal Protection Clause based on retaliation for engaging in protected activity. ***Zinn v. McKune***, 949 F.Supp. 1530, 1538-39 (D. Kan. 1996), ***aff'd***, 143 F.3d 1353 (10th Cir. 1998).

The ALJ's decision with respect to Teigen's administrative appeal does not advance plaintiffs' claims either.  Although plaintiffs claim that the ALJ's determination should be given preclusive effect here under the doctrines of res judicata and/or collateral estoppel, their brief is long on argument but short on authority.  Under Colorado law, which determines the preclusive effect of the ALJ's judgment, ***see In re Young***, 91 F.3d 1367, 1374 (10th Cir. 1996) (citing ***Marrese v. American Academy of Orthopaedic Surgeons***, 470 U.S. 373, 381-82, 105 S.Ct. 1327, 1332-33, 84 L.Ed.2d 274 (1985)), an essential element of both res judicata and collateral estoppel is that the party against whom preclusion is sought is identical to or in privity with the party against whom the prior judgment was entered, ***see Sunny Acres Villa, Inc. v. Cooper***, 25 P.3d 44, 47 (Colo. 2001) (collateral estoppel); ***Cruz v. Benine***, 984 P.2d 1173, 1176 (Colo. 1999) (res judicata).  Teigen's judgment, obtained against the DOC, cannot be preclusive as against defendants who are sued in their individual capacity, since government employees are not in privity with their employer when sued in their individual capacities.  ***Gonzales v. Hernandez***, 175 F.3d 1202, 1206 (10th Cir. 1999).

As for the suits against Ortiz and Golder in their official capacities, another essential element of both preclusion doctrines on which plaintiffs seek to rely is that the issues in the two litigations must be identical.  ***Sunny Acres Villa***, 25 P.3d at 47; ***Cruz***, 984 P.2d at 1176.  That requirement is not met here.  The issues before the ALJ in

10

Teigen's appeal concerned whether the DOC had violated his retention and seniority rights under Colorado state law and concomitant State Personnel Board rules when it implemented the reduction-in-force.  It is true that within that context, the ALJ found that the DOC's policy requiring reinstated employees to relinquish their appeals was contrary to state law, but that is not the issue sought to be litigated in this case. Plaintiffs here seek relief under 42 U.S.C. § 1983, which is expressly reserved to vindicate rights arising under the Constitution and federal statutes, not violations of state law.  *See Benn v. Universal Health System, Inc.*, 371 F.3d 165, 174 (10th Cir. 2004).  That the DOC's policy may have been unlawful under state law does not necessarily make it unconstitutional under equal protection rational review analysis. *See Davoll v. Webb*, 194 F.3d 1116, 1146 (10th Cir. 1999).  Accordingly, I find that plaintiffs have failed to state a claim for relief under the Equal Protection Clause.

## IV.  CONCLUSION

Plaintiffs have failed to state viable claims for violation of either their procedural and substantive due process rights or their rights to equal protection of the laws.  The motions to dismiss should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants Joe Ortiz and Gary Golder's Motion to Dismiss First Amended Complaint** [#36], filed December 12, 2006, is **GRANTED**;

2.  That **Defendant Nolin Renfrow's Motion to Dismiss Plaintiff's First Amended Complaint** [#39], filed December 12, 2005, is **GRANTED**;

3.  That **Defendant Madeline SaBell's Motion to Dismiss First Amended Complaint** [#41], filed December 12, 2005, is **GRANTED**;

4.  That plaintiffs' claims against defendants are hereby **DISMISSED WITH PREJUDICE**;

5.  That judgment **SHALL ENTER** against plaintiffs, David Teigen and Timothy Bennett, and in favor of defendants, Nolin Renfrow, individually, Madeline SaBell, individually, Joe Ortiz, individually and in his official capacity, Gary Golder, in his official capacity, and John Does I-IV, as to all claims and causes of actions asserted in the First Amended Complaint;

6.  That **Defendant Nolin Renfrow's Motion to Dismiss Complaint** [#13], filed October 17, 2005, is **DENIED AS MOOT**;

7.  That **Defendant Madeline SaBell's Motion to Dismiss** [#15], filed October 17, 2005, is **DENIED AS MOOT**;

8.  That **Defendant Joe Ortiz's Motion to Dismiss Complaint** [#22], filed October 24, 2005, is **DENIED AS MOOT**; and

9.  That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to **FED.R.CIV.P.** 54(d)(1) and **D.C.COLO.LCIVR.** 54.1.

Dated April 7, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**