**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01569-REB-BNB

DAVID TEIGEN, and,
TIMOTHY BENNETT,

    Plaintiff,

v.

NOLIN RENFROW, individually,
MADLINE SABELL, individually,
JOE ORTIZ, individually and in his official capacity,
GARY GOLDER, only in his official capacity as Acting Director of Prisons and successor of Nolin Renfrow, and
JOHN DOES I-IV,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO ALTER, AMEND AND VACATE JUDGMENT

**Blackburn, J.**

The matter before me is plaintiffs' **Motion to Alter, Amend and Vacate Judgment and Memorandum of Law in Support of Motion to Alter, Amend or [sic] Vacate Judgment** [#59], filed April 24, 2006. I deny the motion.

Although plaintiffs purport to rely on both Fed.R.Civ.P. 59(e) and 60(b)(1) & (6), their motion, brought within ten days of the entry of the judgment, is properly considered under Rule 59(e). **See Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991) ("These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served."), **cert. denied**, 113 S.Ct. 89 (1992). The bases for granting a

motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). None of these circumstances pertains here. Neither plaintiffs' disagreement with my legal conclusions nor their proffer of new legal theories and evidence previously available presents proper grounds for reconsideration. Accordingly, their motion must be denied.

**THEREFORE, IT IS ORDERED** that plaintiffs' **Motion to Alter, Amend and Vacate Judgment and Memorandum of Law in Support of Motion to Alter, Amend or [sic] Vacate Judgment** [#59], filed April 24, 2006, is **DENIED**.

Dated June 9, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Court**